[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit

No. 98-1609

VITO STEFANO PROVENZANO,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Circuit Judge,
Aldrich, Senior Circuit Judge,
and Shadur, Senior U.S. District Judge.

Stephen A. Lagana with whom Lagana & Associates was on brief
for petitioner.
Brenda M. O'Malley, Attorney, Office of Immigration
Litigation, with whom Karen Ann Hunold, Senior Litigation Counsel,
and Frank W. Hunger, Assistant Attorney General, were on brief for
respondent.

February 25, 1999

Per Curiam. Vito Stefano Provenzano, who entered the
United States from Italy in 1983 as a non-immigrant visitor
for pleasure, among other misconduct over-stayed; obtained
unlawful employment; paid no income tax on his wages;
purchased a counterfeit Temporary Resident Card; and, in
January 1992, went back to Italy with it to attend to a family
matter and returned on January 29 only to have the fraud
discovered. He signed a sworn statement admitting the
counterfeiting and, withdrawing his application for admission,
returned to Italy.
Skipping some in-between matters, including marriage
to a naturalized American citizen and unlawful entry from
Canada, on February 2, 1993 Provenzano obtained an immigrant
visa from an American Consular Officer in Naples by
representing that, among other things, he had never been
refused admission into the United States or sought entry
through fraud or misrepresentation. On February 6 in Boston
the INS refused admission and placed him into exclusion
proceedings. After several hearings an immigration judge
found him excludable, but granted a discretionary waiver of
inadmissability under 8 U.S.C. 1182(i). On an appeal by the
INS the Board of Immigration Appeals reversed on August 1,
1997. Its six main reasons, plus incidentals, make one wonder
at the earlier decision. We pass the subsequent proceedings
that lead to our present question: whether the Board's denial
to reopen that decision because of inadequate counsel should
be reversed. The claim on appeal revolves around
Provenzano's representations that he had never been refused
entry or fraudulently sought entry.
It could be found that Provenzano had been advised by
counsel that he could say he had never been refused entry in
light of the fact that he had withdrawn his application before
formal action and that he had acted reasonably in relying on
that advice. There was no such claim or support for the
serious misrepresentation that he had never sought entry
through fraud or misrepresentation. The Board wrote a
persuasive opinion on May 21, 1998. The appeal is meritless.
Affirmed.